IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRITTANY WADDELL                                                                           PLAINTIFF

V.                                                           CIVIL ACTION NO. 1:19-CV-88-SA-DAS

MISSISSIPPI DEPARTMENT OF WILDLIFE,
FISHERIES AND PARKS *et al*                                                               DEFENDANTS

ORDER AND MEMORANDUM OPINION

Brittany Waddell filed her Complaint [1] against several defendants, including Officer Tim Boggs, alleging violations of federal and state laws after she sustained a gunshot wound as a passenger in a high-speed chase. Officer Boggs filed a Motion for Judgment on the Pleadings [68] asserting a qualified immunity defense and seeking dismissal of Waddell's claims against him. The issues are fully briefed and ripe for review.

*Factual and Procedural History*

On or around February 2, 2018, the Plaintiff, Brittany Waddell, was riding in the backseat of a car with Samuel Rice. Rice was driving his vehicle on Proper Street in Alcorn County, Mississippi when Police Officers attempted to initiate a stop to cite Rice for a tail-light violation. Instead of yielding to the officers' order to stop, Rice evaded the officers and a high-speed chase ensued. Waddell remained in the backseat throughout the duration of the chase. At some point after Rice exited the Corinth City limits, Deputy Officer Tim Boggs took lead of the pursuit. Rice then turned on County Road 302, a muddy logging road, and continued to evade the MDWFP officers. Once Boggs turned onto the muddy road behind Rice, his patrol car became stuck, ending his involvement in the pursuit. The other officers, however, continued to pursue Rice and eventually blocked his car. There were several instances where the officers lost sight of Rice's car. At some point, Rice circled around and attempted to escape using the same route he entered on

County Road 302. According to Waddell, when Rice attempted to escape, he almost hit Deputy Boggs and two others and ultimately collided with one of the patrol cars. At this point, Officers Lloyd, Stegall, Mynatt, and Voyles began shooting at Rice's car. Waddell sustained a gunshot wound in her back. Waddell claims that she was unarmed and did not pose an immediate threat of harm to the deputies.

Waddell filed her Complaint [1] against the Mississippi Department of Wildlife, Fisheries and Parks, Tishomingo County, Mississippi, Alcorn County, Mississippi, City of Farmington, Mississippi, and Officers Michael Voyles, Thomas Mynatt, Shane Stegall, Tim Boggs, and Robert Lloyd. Waddell alleges two claims particularly against Officer Boggs pursuant to Section 1983: (1) improper use of excessive and deadly force against her in violation of the Fourth Amendment; and (2) deprivation of her Fourteenth Amendment right to life, liberty, or property. In addition to the federal claims, Waddell contends that the municipal defendants and the MDWFP are liable for negligence. Waddell's claims against the other officers and the municipalities are not relevant to the motion before the court.

Officer Boggs filed a Motion for Judgement on the Pleadings [68] arguing that he is entitled to qualified immunity because the Plaintiff has not pled sufficient facts establishing a violation of her constitutional rights.

*Legal Standard*

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citations omitted). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.

2

Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This involves a two-step inquiry. First, the court must identify the complaint's well-pleaded factual content. In doing so, the court must set aside "any unsupported legal conclusions," the truth of which the court cannot assume. *See Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014). Second, the court must ask whether the remaining allegations "are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold." *Id* at 390 (*quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Stated differently, the Court should consider whether it can reasonably infer from the complaint's well-pleaded factual content "more than a mere possibility of misconduct." *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Discussion*

"Section 1983 provides a cause of action to an individual harmed by a state official's violation of federal law." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "A state official sued under Section 1983 is entitled to qualified immunity from damages, which protects the official from liability for any act that was not objectively unreasonable at the time of the act." *Id.* (*quoting Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017)). Once qualified immunity is asserted, a plaintiff seeking to defeat the defense must show that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *See Lincoln,* 874 F.3d at 847-48. "When confronted with a qualified-immunity defense at the pleading stage, the plaintiff must plead 'facts which if proved, would defeat [the] claim of immunity.'" *Waller*, 922 F.3d at 599 (*quoting Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018)).

3

The Court looks first to whether the Plaintiff has pled sufficient facts to overcome Boggs' qualified-immunity defense to her excessive force claim.[1] The "Facts" portion of Waddell's Complaint—which outlines chronologically the events that took place on the day in question—does not assert that Boggs discharged his weapon. Instead, Plaintiff alleges that Officer Lloyd was the first to fire shots into Rice's Jeep. She expounds in Paragraph 27 that "Stegall, Mynatt, Lloyd, and Voyles then discharged their firearms towards the Jeep, and the Jeep stalled out." *See* First Amended Complaint [42]. She alleges that the Jeep was later shot into a third time by Stegall, Lloyd, and Voyles as the Jeep sped away from the scene of the shooting. Nowhere in the factual basis of the Complaint does Waddell allege Boggs discharged his firearm. She did, however, state in the "causes of action" section of her Complaint, Paragraph 36 in particular, that Boggs, along with others, discharged his firearm. Taking this into account, the Court finds that Waddell has not set forth any facts to support her cause of action that Boggs discharged his firearm. Absent a sufficient factual basis, Boggs cannot be held liable for involvement in the actual shooting. Consequently, the Court finds that the Plaintiff's pleadings as to Boggs discharging his weapon fail to meet the plausibility threshold.

The Court looks next to the Plaintiff's claim that Boggs actions (discharging his firearm) shocked the conscience because he acted with deliberate indifference to her constitutional right to life, liberty, or property. As discussed above, the Plaintiff does not sufficiently plead that Boggs discharged his firearm into the Jeep. Thus, the same analysis set forth above applies here. Without

---

[1] Boggs argued that the Court should apply a heightened pleading standard to the Plaintiff's Complaint pursuant to the Fifth Circuit's decision in *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995). That case, however, relies on precedent that was overturned by the United States Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* in which the Court held "a federal court may not apply a 'heightened pleading standard'—more stringent than the usual pleading requirements . . . in civil rights cases alleging municipal liability under § 1983." 507 U.S. 163, 113 S.Ct. 1160, 122 L. Ed. 2d 517 (1993).

a factual basis sufficient to satisfy the requisite pleading standard, the Plaintiff cannot overcome Boggs' defense of qualified immunity.

The Plaintiff has failed to plead sufficient facts to establish that Boggs violated her constitutional rights by discharging his firearm at her. Thus, Boggs is entitled to qualified immunity.

*Conclusion*

For the reasons discussed above, the Defendant Tim Boggs' Motion for Judgment on the Pleadings [68] is GRANTED. All claims against Officer Tim Boggs are dismissed *without prejudice*. This case is not closed.

SO ORDERED this, the 6th day of July, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE