IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRITTANY WADDELL                                                                                   PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:19-CV-88-SA-DAS

MISSISSIPPI DEPARTMENT OF WILDLIFE,
FISHERIES AND PARKS *et al*                                                                      DEFENDANTS

ORDER

At all times pertinent to this case, Brittany Waddell was riding as a passenger in a vehicle operated by Samuel Rice. While Rice was driving, authorities attempted to initiate a stop. Rice refused to stop, and a high-speed chase ensued. At some point during the chase, officers of the local police departments and the Mississippi Department of Wildlife, Fisheries and Parks discharged their firearms at the vehicle. Waddell sustained a gunshot wound in her back.

Waddell filed her Complaint [1] on April 30, 2019 alleging violations of her Fourth and Fourteenth Amendment rights. She also alleges that the Defendants are liable for negligence. Waddell later added Officer Robert Lloyd of Farmington Police Department and the City of Farmington, Mississippi as defendants in her Amended Complaint [42] on November 13, 2019. Those defendants filed their Answer and Affirmative Defenses [76] on December 12, 2019. On December 18, the Court entered an Order Staying Case [80] pending ruling on two Motions to Dismiss [64 & 68] filed by other defendants in the case.

Three months after discovery was halted, Defendants Robert Lloyd and City of Farmington filed a Motion for Summary Judgment [85] asserting, in particular, a qualified immunity defense as to Lloyd. The Plaintiff filed her Response but attached a Rule 56(d) Affidavit requesting that the Court delay its ruling on the Motion [85] and allow additional time to conduct additional

discovery. The Defendants filed a Motion to Strike [93] the Plaintiff's Affidavit. The Defendants contend that the Affidavit does not comply with Rule 56's requirement to identify specific facts the plaintiff expects additional discovery to reveal and how those revelations would impact the outcome of the Court's ruling. The issues are fully briefed and ripe for review.

*Legal Standard*

Rule 56(d) of the Federal Rules of Civil Procedure provides "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. PRO. 56(d)(1)-(3). Rule 56(d) affidavits or declarations "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Ruby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotation marks and citation omitted). Rule 56(d) requests for additional discovery "are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). This request, however, can only be granted if it "(i) requests extended discovery prior to the court's ruling on summary judgment; (ii) places the district court on notice that further discovery pertaining to the summary judgment motion is being sought; and (iii) demonstrates to the district court with reasonable specificity how the requested discovery pertains to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994).

*Discussion*

The Defendants urge the Court to deny the Plaintiff's request for additional discovery because the Affidavit is deficient and additional discovery is unnecessary in light of the video evidence submitted in support of their summary judgment motion. In addition, the Defendants assert that they provided Waddell with the evidence they intend to rely upon in formulating their claim or defense through their Initial Disclosures. Waddell submits that the limited discovery is insufficient, and additional discovery is needed in order to meet her burden at the summary judgment stage. As to the specific facts that she expects discovery to reveal, Waddell adds in a footnote of her response that additional discovery will reveal that the actions taken by the individual deputies and officers during the pursuit violated specific policies established by their employers. Discovery on these facts, Waddell argues, would allow her to file a more detailed and substantive response to the present Motion.

The Defendants are correct in one observation: the Plaintiff's affidavit does not specifically identify facts that she anticipates additional discovery will reveal. Rather, Waddell's Affidavit only outlines the procedural history of the case and emphasizes the need for additional discovery in order to file a true response. However, the Plaintiff's Response to the Defendants' Motion for Summary Judgment does identify facts which she anticipates would be revealed through additional discovery, if granted by the Court. In other words, the Plaintiff has identified to the Court specific facts that she believes would be uncovered through additional discovery.

In the Court's view, the Plaintiff's intention to provide a more substantive response should not be taken lightly, considering she has a burden at the summary judgment stage to "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation

omitted). Currently, the only evidence before the Court that is "beyond the pleadings" are sworn affidavits of the police officers provided by the Defendants. The Plaintiff did not have an opportunity to challenge the statements within the affidavits or provide the Court with her own account of the events through written discovery or depositions. The Defendants argue that this one-sided approach "is the only side of the coin that matters." The Court disagrees. The summary judgment standard requires the Court to consider *both* sides of the case and, in fact, demands that the Court view the facts in the light most favorable to Waddell. The Court grants Waddell an opportunity to conduct discovery in order for her to properly respond to the Defendants' Motion.

The Defendants' Motion to Strike [93] is DENIED and the Plaintiff's Rule 56(d) [90-2] request is GRANTED. The parties are ordered to contact the Magistrate Judge assigned to this case no later than seven days from the entry of this Order to obtain a scheduling order. The scheduling order should include deadlines for the parties to supplement their filings in connection with the Defendants' request for summary judgment. The Court will delay its ruling on the pending Motion for Summary Judgment [85] until additional discovery is conducted. The parties are permitted to supplement their filings, if necessary. The current trial date will be re-set by separate notice.

SO ORDERED this, the 6th day of July, 2020.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE